IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT GRIZZLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:20-cv-214-JDK-KNM |
| | § | |
| STACIE MCCOLLUM, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Grizzle, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Defendants Stacie McCollum, Joseph Watt, and Sara Pederson's motion for summary judgment asserting that Plaintiff has filed to show deliberate indifference to his serious medical needs and that Defendants are entitled to qualified immunity. Docket No. 40. On March 14, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendants' summary judgment motion. Docket No. 41.

Plaintiff filed objections to the Report claiming that he had not received a copy of the Defendants' motion for summary judgment. Docket No. 42. Despite tracking information showing that Defendants' motion was delivered to Lamesa, Texas, where

1

Plaintiff was incarcerated, but was refused on January 13, 2023, Judge Mitchell ordered Defendants to furnish Plaintiff with another copy of the motion for summary judgment and gave Plaintiff 30 days in which to file objections to the Report.  Docekt No. 43.  On May 12, 2023, Plaintiff filed a "response, objections, and arguments in opposition to the Defendants' motion for summary judgment."  Docket No. 44.  The Court will construe this response as Plaintiff's objections to the Report.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff's lawsuit alleges deliberate indifference to his serious medical needs. Deliberate indifference exists only when an "official knows of and disregards an excessive risk to inmate health or safety." *Thompson v. Tex. Dep't of Crim. Justice*, 67 F.4th 275, 281 (5th Cir. 2023).  The required mental state amounts to "subjective recklessness," which is "a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence."  *Id.*  And "[u]nder exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk."  *Id.*  Further, negligence and mistakes during treatment do not constitute deliberate indifference.  *Id.*

Deliberate indifference is "an extremely high standard to meet," and to prevail on such a claim, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct which would clearly evince a wanton disregard for any serious medical needs. *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Additionally, the failure to alleviate a significant risk which the official should have perceived but did not is insufficient to show deliberate indifference. *Id.*

As the Magistrate Judge correctly determined, Plaintiff has failed to show that any of the Defendants were deliberately indifferent to his serious medical needs. Although he asserts that his complaints were ignored, the medical records show that Plaintiff at no point displayed any symptoms consistent with his allegation of swallowing razor blades, half of an aluminum can, and part of a fan cord. The fact that the medical personnel did not order X-rays, in the absence of any observable symptoms demonstrating the need for X-rays, does not show deliberate indifference to serious medical needs, whether or not it may have been negligent or indicative of a lack of due care.

In *Brooks v. Kelly*, 736 F. App'x 497 (5th Cir. 2018), the plaintiff Charles Brooks claimed that a guard repeatedly kicked the door slot in his cell, injuring his left arm. He claimed that he suffered severe bruising, a swollen finger, and constant pain. The district court granted the guard's motion for summary judgment, concluding that Brooks had provided only conclusory allegations and unsupported assertions to establish an injury, and that these assertions were blatantly contradicted by the

medical records. On appeal, Brooks argued that the failure to document his alleged injuries was "on the medical department."

In affirming the grant of summary judgment, the Fifth Circuit cited *Scott v. Harris*, 550 U.S. 372, 380-81 (2007): "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."

That dictum applies here. Plaintiff asserts that on October 1, 2019, he swallowed ten razor blades, half of an aluminum can, and part of a fan cord. But the summary judgment evidence shows that over the next two weeks, no one at the Eastham Unit or the Skyview Unit noticed any untoward physical symptoms so as to document them in the medical records. Plaintiff appears to postulate an extensive cover-up across officials at both units. Plaintiff complains that Nurse McCollum listened to his stomach with a stethoscope but proposes that the swallowed objects may have been lodged in his throat. However, he clearly would have known if he had significant obstructions lodged in his throat. It is simply not plausible that several different medical personnel at two different units would all ignore the physical symptoms which would result from the swallowing of ten razor blades, part of a can, and part of a fan cord. *See Wilburn v. Shane*, 193 F.3d 517, 1999 WL 706141, at *1 (5th Cir. 1999) ("It is implausible that the hospital would not have recorded the severe injuries Wilburn alleged he received."). Plaintiff's allegations are blatantly

4

contradicted by the medical records. Thus, as in *Brooks*, summary judgment is properly granted for Defendants.

The Magistrate Judge also correctly determined that the Defendants are entitled to qualified immunity. "A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available. The qualified immunity inquiry includes two parts. In the first we ask whether the officer's alleged conduct has violated a federal right; in the second we ask whether the right in question was clearly established at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct. The two steps of the qualified immunity inquiry may be performed in any order." *Scott v. City of Mandeville*, 2023 WL 3592138, at *2 (5th Cir. May 23, 2023) (internal quotations omitted).

Here, Plaintiff has not met his burden of showing that the qualified immunity defense is not available because he has failed to show that the alleged conduct violated a federal right. As a general proposition, prisoners have a right to be free from deliberate indifference to serious medical needs. *E.g.*, *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). But here, the uncontroverted summary judgment evidence does not show a violation of this right, nor that any reasonable medical or mental health personnel would have known that the conduct of Defendants was unlawful. Thus, qualified immunity applies and provides a second and independent basis to grant Defendants' summary judgment.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 41) as the opinion of the District Court. The Court **GRANTS** Defendants' motion for summary judgment (Docket No. 40) and **DISMISSES** Plaintiff's claims with prejudice.

So **ORDERED** and **SIGNED** this **30th** day of **May, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE